# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ELVIN PETTET, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:11-CV-04049-NKL |
| | ) |
| BRIAN MAY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is the Missouri Chamber of Commerce & Industry, Inc.'s ("the Chamber") Motion to Intervene as a Defendant under Rule 24 and Suggestions in Support [Doc. # 23]. Defendants Brian May and Clint Zweifel ("Defendants") take no position on the Motion. Plaintiffs Elvin Pettet, Randy Reed, Connie Russell, and Gary Hays ("Plaintiffs") oppose the Motion. [Doc. # 27]. For the reasons stated below, the Motion is DENIED.

**I.     Background**

On February 7, 2011, Plaintiffs, individuals with disabilities, filed this lawsuit against the Defendants regarding the Missouri Second Injury Fund ("SIF"). The SIF, created by an amendment to the worker's compensation law, is a public-benefit fund that promotes employment of disabled individuals by eliminating employers' exposure to liability for the employees' previous disabilities. May is the Director of the Missouri

1

Division of Worker's Compensation, and Zweifel is the Treasurer for the State of Missouri. The Missouri State Treasurer's office is the custodian of the SIF, and Zweifel is required by Mo. Rev. Stat. § 287.715 to impose an annual SIF surcharge on Missouri employers, the revenue from which is deposited into the SIF to pay for its benefit and expense liabilities.

Effective August 28, 2005, § 287.715 was legislatively amended to cap the surcharge at 3%. The Plaintiffs assert that the capped surcharge will render the SIF insolvent in 2011, and as a result the Plaintiffs will not receive SIF compensation for their disabilities, which they expect for the duration of their lifetimes. They bring their claims under the Americans with Disabilities Act ("ADA"), the Missouri Human Rights Act ("MHRA"), 42 U.S.C. §§ 1983 and 1985, as well as the United States and Missouri Constitutions. As relief, the Plaintiffs request the Court enjoin the Defendants from enforcing the surcharge cap and order the Defendants to raise the SIF surcharge to a sum that will meet its statutory obligations.

The Chamber, which filed the pending motion, is a Missouri association that represents approximately 1,600 employers who provide jobs in Missouri. Acting on behalf of its members, the Chamber argues that it is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, alternatively, the Court should grant either permissive intervention under Federal Rule of Civil Procedure 24(b) or allow the Chamber to file as Amicus Curiae.

## II. Discussion

The purpose of intervention is to "promote the efficient and orderly use of judicial resources by allowing persons, who might otherwise have to bring a lawsuit on their own to protect their interests or vindicate their rights, to join an ongoing lawsuit instead." *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 840 (8th Cir. 2009) (quoting *Mausolf v. Babbitt*, 85 F.3d 1295, 1300 (8th Cir.1996)). Thus, a threshold matter is whether the Chamber may bring a lawsuit on its own to protect its interests. To bring a lawsuit, a plaintiff must have standing. Indeed, in the Eighth Circuit, a party seeking to intervene must establish Article III standing in addition to the requirements of Rule 24. *Metro. St. Louis Sewer Dist.*, 569 at 833-34 (citing *Mausolf*, 85 F.3d at 1300). For the following reasons, the Chamber has not established that it has standing.

A. **Standing**

As an association, the Chamber only has standing to assert the claims of its members if "the interests it seeks to protect are germane to the organization's purpose." *Id.* (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)). If germaneness is established, the Chamber must further demonstrate standing by clearly alleging facts that show an injury to a legally protected interest that is "concrete, particularized, and either actual or imminent." *Id.* (quoting *Curry v. Regents of Univ. of Minn.*, 167 F.3d 420, 422 (8th Cir. 1999)). The Chamber must also show causation of the alleged injury and that a favorable decision will likely redress the injury. *Id.* (quoting *Curry*, 167 F.3d at 560-61)).

The Chamber alleges that its injury in fact is economic harm to its members that

may occur if they are required to pay more of the SIF surcharge fee than they are presently required to pay under current legislation. The Chamber asserts that this economic harm is concrete, particularized, imminent, and actual because absent this litigation there would be no potential economic harm to its members. Further, the Chamber claims this situation may be redressed by a favorable decision denying the Plaintiffs' requested relief. The Chamber also argues that the interests it seeks to protect are germane to its organizational purpose because: 1) it represents the interests of its members in court and in the legislature; 2) the Missouri employers it represents pay the SIF surcharge; and 3) this litigation focuses on whether the SIF surcharge amount is lawful, and its resolution may affect the economic interests of its members.

The Court finds that even if the interest the Chamber seeks to protect may be germane to its organizational purpose, it is too vague and generalized to support standing. An interest is cognizable under Rule 24(a)(2) only where it is "direct, substantial, and legally protectable." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir. 1995). Here, the Chamber's interest in avoiding economic harm is not "legally protectable" because it is contingent not only upon the outcome of this litigation, but also upon any legislative action requiring businesses to pay the SIF surcharge that will potentially ensue if the Court orders the injunction Plaintiffs seek. An interest that is "contingent upon the occurrence of a sequence of events before it becomes colorable" is not sufficient to satisfy Rule 24(a)(2). *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007) (quoting *Standard Heating & Air Conditioning Co. v.*

4

*City of Minneapolis*, 137 F.3d 567, 571 (8th Cir. 1998)).

As multiple remedies are within the Court's power to order, the Chamber has not shown that the harm to it and its members would be the inevitable result of judgment in the Plaintiffs' favor. In this manner, the Chamber has also failed to show that its asserted interest really is bound up with the subject matter of the litigation. *Metro. St. Louis Sewer Dist.*, 569 F.3d at 840. Additionally, an economic interest in the outcome of the litigation is not itself sufficient to warrant mandatory intervention. *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007) (citing *Curry*, 167 F.3d at 422-23) (economic interests staked solely on the outcome of litigation is too speculative to be direct and legally protectable). Here, as in *Alan Curtis*, *Curry*, and *Metro. St. Louis*, the Chamber's economic interest simply does not rise to the level of being legally protectable because it is speculative and contingent upon a sequence of events. *See Curry*, 167 F.3d at 422; *Metro. St. Louis Sewer Dist.*, 569 F.3d at 840.

Indeed, the Court's conclusion is supported by pragmatic considerations. If the Court allowed the Chamber to intervene, every employer subject to paying the SIF surcharge would have the potential to claim a right to intervention, as would any number of other organizations that represented businesses that might be affected by this litigation. This is contrary to promoting judicial efficiency, one of the primary purposes of permitting intervention.

Therefore, the Court finds that the Chamber has not demonstrated that it has standing, and therefore may not intervene.

### B. Intervention as a Matter of Right

Even if the Chamber were able to demonstrate standing, the Court finds that it does not satisfy the requirements of Federal Rule of Civil Procedure 24(a)(2). The standards for intervention as a matter of right are set forth in Rule 24(a), which states:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). If an application is timely, Rule 24(a) then sets forth three prerequisites for intervention as of right: 1) the applicant must have a recognized interest in the litigation subject matter; 2) the interest might be impaired by the disposition of the litigation; and 3) the interest is not adequately protected by the existing parties. *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 997 (8th Cir. 1993). The rule is construed broadly in favor of applicants for intervention. *South Dakota ex rel Barnett v. United States Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003).

The Court finds that even if the application was timely filed, it does not satisfy the remaining elements of Rule 24(a)(2). The Chamber does not have a recognized interest in the litigation subject matter. For the purposes of Rule 24(a)(2), an asserted interest must be "legally protectable." *Metro. St. Louis Sewer Dist.*, 569 F.3d at 839. As discussed above concerning standing, general economic interests like the one asserted here by the Chamber are not protectable and cannot serve as the basis for intervention. *See Curry*,

167 F.3d at 422; *Metro. St. Louis Sewer Dist.*, 569 F.3d at 840.  Because the Chamber's asserted interest is not legally protectable, and the Chamber has also failed to show that its asserted interest is bound up with the subject matter of the action, it is therefore not a recognized interest at stake in the litigation.  Thus, the Chamber cannot intervene as a matter of right under Federal Rule of Civil Procedure 24(a).

    **C.**    **Permissive Intervention**

Federal Rule of Civil Procedure 24(b) provides that: "[o]n timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact."  By its very nature, Rule 24(b) is within the Court's discretion.  Because the Court has determined for the above reasons that: 1) the Chamber does not set forth a legally protectable interest; and 2) the Chamber's intervention could frustrate judicial economy, the Court declines to permit the Chamber to intervene.

    **D.**    **Motion to File as Amicus Curiae**

The function of an amicus curiae is to call the court's attention to law, facts, or circumstances in a matter then before it that may otherwise escape its consideration.  4 Am. Jur. 2d Amicus Curiae § 6 (2011).  Although a party fails to meet the standard for intervention under Rule 24, a court may nonetheless allow a party to participate in litigation as an amicus curiae where "although short of a right to intervene, the amicus has a special interest that justifies his having a say."  *Liberty Res., Inc. v. Philadelphia Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (quoting *Strasser v. Doorley*, 432 F.2d

567, 569 (1st Cir. 1970)).  A court does not abuse its discretion in denying permissive intervention when participation by the applicant as an amicus curiae satisfies the asserted need for intervention.  4 Am. Jur. 2d Amicus Curiae § 5.

The Chamber states that granting Amicus Curiae status to it "would allow the Court to receive comment and expertise from the state[']s largest business association on an issue that, if the plaintiffs succeed, will directly and adversely impact the MO Chamber and its membership."  [Doc. # 23, at 11.]  Though the Court finds for the reasons above that the Chamber fails to meet the standards for intervention as a matter of right under Rule 24 and denies permissive intervention under Rule 24, it recognizes that it may be valuable to have the Chamber's input as amicus curiae under limited circumstances.  However, since the Chamber has not identified a specific filing it wishes to make as amicus curiae, the Court will deny without prejudice the Chamber's general request to proceed as amicus curiae.  If the Chamber wishes to respond as amicus curiae to any motion filed by the parties in this matter, the Chamber should make a specific request, at the earliest time practicable, identifying what motion it wishes to respond to.

## II.    Conclusion

Accordingly, it is hereby ORDERED that the Chamber's Motion to Intervene/file as amicus curiae [Doc. # 23] is DENIED.

                                                      s/ Nanette K. Laughrey
                                                      NANETTE K. LAUGHREY
                                                      United States District Court

Dated: August 3, 2011
Jefferson City, Missouri